357 So.2d 545 (1978)
STATE of Louisiana
v.
Tyrone BRAUD.
No. 61063.
Supreme Court of Louisiana.
April 10, 1978.
Clement F. Perschall, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Tyrone Braud was charged with possession of a controlled dangerous substance, to wit: barbiturates, a *546 violation of R.S. 40:966. Defendant pled not guilty, waived jury trial, and was found guilty as charged in a bench trial. He was sentenced as a second offender to serve two years imprisonment at hard labor. On appeal he urges us to reverse his conviction and sentence on the basis of two assignments of error.[1]

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant complains in his first assignment that his motion to suppress evidence was wrongly denied. In his second assignment defendant urges that the trial judge erred in admitting into evidence the barbiturates taken from his car.
The seizure complained of occurred in the following manner. In the very early morning hours of September 20, 1974, defendant was stopped while driving his car by two policemen who noticed that his brake tag was old and tattered. They stopped defendant's car to check for an expired brake tag. As one of the officers, Officer Casanova, approached the driver's side of the vehicle he saw defendant take something out of his pocket and stuff it down beside the seat. When the officer asked defendant to get out the car he noticed loose marijuana lying on defendant's lap and scattered on the floorboard. Defendant Braud got out of the car, and the officer gathered up as much marijuana as he could from the seat. Also, he picked up from the floorboard area between the driver's seat and the door an open brown envelope containing marijuana and a brown pill bottle which was beside the envelope. Defendant was issued a citation for his expired brake tag and was arrested for drug possession. The material in the envelope proved to contain marijuana, and the unlabeled brown pill bottle proved to contain barbituates. Defendant's prosecution for possession of barbiturates followed, and it is the seizure of the pill bottle containing the barbiturates of which he now complains.
Defendant Braud's testimony did not contradict the officer's testimony in any important particulars. He stated that he pulled over when he saw the officer's lights, got out of the car and voluntarily produced his license. The officer, he said, told him to stand by the police car, and he complied. He stated that the officer did shine a flashlight into the car (the officer had testified that he could not remember whether he had used a flashlight or not), but he said that he (defendant) could not see from what area of the car the envelope and bottle were seized. He said that the marijuana and pill bottle did not belong to him. The two other persons in the car were not called to testify at the hearing.
In a case where a warrantless search has been conducted, the state, in order to properly overcome a defendant's motion to suppress, must show that the search was conducted under one of the well recognized exceptions to the warrant requirement. State v. Franklin, 353 So.2d 1315 (La.1977). One of these exceptions is the plain view doctrine, and we find that the state here did establish that the evidence was in plain view. Initially the officers were justified in stopping defendant's car because they suspected that it carried an expired brake tag because the tag was old and tattered.
It is well established that evidence in the open or plain view of a police officer who is legally on the premises from which he obtains the view is subject to seizure without a warrant. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Williams, 347 So.2d 231 (La.1977); State v. Fearn, 345 So.2d 468 (La.1977). It is equally clear that the object may be seized only where it is apparent that the object is contraband or evidence. State v. Meichel, 290 So.2d 878 (La.1974).
We believe that the officer's observation of the loose marijuana lying in the front seat and on the floorboard between *547 the seat and the door gave him the right to seize the brown envelope containing obvious marijuana. In reaching for this envelope he found beside it a single unmarked and unlabeled pill bottle. Unlike the pill bottle in State v. Meichel, supra, which bore a manufacturer's label and which the seizing officer did not suspect of being contraband until he had picked it up and examined it, here the pill bottle was entirely unmarked and seemed to be contraband because of its placement in the car immediately next to the container of marijuana. Under these circumstances we find that the officer's seizure of the pill bottle was properly made because it was contraband in open view.

Decree
For this reason, defendant's conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
In the motion to suppress hearing involving a warrantless search the trial court incorrectly placed the burden of proof on the defendant. See, State v. Franklin, 353 So.2d 1315 (La.1978). The case should be remanded for redetermination of the motion based on correct principles of law.
I respectfully dissent.
NOTES
[1] Two other assignments were not argued and are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).