363 So.2d 491 (1978)
STATE of Louisiana
v.
Royal BANKS.
No. 61895.
Supreme Court of Louisiana.
October 9, 1978.
*492 Wilson C. Krebs, Patterson, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Bernard E. Boudreaux, Jr., Edward M. Leonard, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for plaintiff-appellee.
DENNIS, Justice.
On February 27, 1976 defendant Royal Banks was arrested by two officers of the St. Mary Parish Sheriff's Office for reckless operation of a vehicle. During the course of the arrest, marijuana was found in the car the defendant was driving. The marijuana found consisted of a handrolled cigarette on the floor of the driver's side of the vehicle and a partially smoked marijuana cigarette found in the ash tray of the vehicle along with what is known as a "roach holder." The evidence was seized and the defendant was arrested for possession of marijuana. The State charged the defendant as a second offender for possession of marijuana, La.R.S. 40:966(D)(2). Defendant was found guilty as charged and sentenced to two years at hard labor.
Defendant relies upon four assignments of error for reversal of his conviction and sentence. Because we find that assignment of error number three relating to the denial of his motion to suppress the evidence seized from defendant's car at the time of the arrest has merit, we do not reach the validity of his other assignments.[1]
While driving an unmarked vehicle on the afternoon of February 27,1976, police Officers Smith and Kahl observed a yellow Oldsmobile crossing the center line of the highway and exceeding the speed limit.[2] These officers chased the vehicle and had its driver pull well off the shoulder of a four-lane highway. On stopping defendant, the officers stepped out of their vehicle and summoned defendant to the back of his car. Officer Smith placed defendant under arrest for reckless operation and advised him of his rights. After the defendant was searched, handcuffed and placed in the back of the police vehicle, Officer Kahl "proceeded to the subject's vehicle to transport it to Franklin, instead of leaving it on the side of the road." At this time, without yet entering the vehicle, the officer observed a pistol on the front seat and upon further investigation, he observed what appeared to be a marijuana cigarette lying on the floor of the front left side of the vehicle. As Officer Kahl called Officer Smith's attention to his findings, Officer Smith walked up to the vehicle and saw Officer Kahl's hand coming from the floor holding a handrolled cigarette. Another partially smoked marijuana cigarette plus a roach holder was found in the car ashtray. Defendant was then arrested for possession of marijuana.
The Fourth Amendment and the Louisiana Constitution of 1974, Art. I, § 5 prohibit unreasonable searches and seizures. Absent one of the narrow exceptions to the requirement of a search warrant, warrantless searches and seizures are unreasonable. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Fearn, 345 So.2d 468 (La.1977). In order *493 for evidence obtained without a search warrant to be admissible at trial, the State bears the burden of proof in showing that the search and seizure were justified under one of the narrow exceptions. State v. Braud, 357 So.2d 545 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
The State argues that the seizure of the marijuana in the instant case was justified under the plain view exception to the warrant requirement.
In Coolidge v. New Hampshire, supra, the United States Supreme Court explained the circumstances under which the plain view doctrine is of significance:
"It is well established that under certain circumstances the police may seize evidence in plain view without a warrant. But it is important to keep in mind that, in the vast majority of cases, any evidence seized by the police will be in plain view, at least at the moment of seizure. The problem with the `plain view' doctrine has been to identify the circumstances in which plain view has legal significance rather than being simply the normal concomitant of any search, legal or illegal.
"* * *
"What the `plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the `plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." 91 S.Ct. at 2037-38.
In sum, the conditions necessary for the applicability of the plain view doctrine are: (1) there must be a prior justification for an intrusion into a protected area, (2) in the course of which evidence is inadvertently discovered, and (3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. Parker, 355 So.2d 900 (La.1978); State v. Fearn, supra. See also, State v. Meichel, 290 So.2d 878 (La.1974).
Under the facts of the instant case we do not find that the first requisite has been adequately met. The State has failed to show that the police officers had prior justification for approaching defendant's car after his full custodial arrest. The record indicates that defendant's automobile was stopped for a traffic violation. The vehicle had been pulled over on the right shoulder of the highway. The driver left the vehicle, walked back towards the officers' car, was arrested, searched, handcuffed and placed in the rear of the police car. Nevertheless, the State contends that the intrusion was justified because the officer intended to drive the defendant's car back to the police station for safekeeping. There is nothing in the record, however, which indicates that such procedure was necessary.
In South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the United States Supreme Court upheld police authority to seize and remove from the streets vehicles impeding traffic or threatening public safety. In that case a car had been lawfully impounded[3] and the search was made pursuant to standard police procedures which had as their purpose the inventorying and safeguarding of the vehicle's contents. Following the reasoning of Opperman, we held in State v. Jewell, 338 So.2d 633 (La.1976), that true inventory searches of motor vehicles impounded for *494 reasonable cause do not offend the constitutional prohibition against unreasonable governmental search or seizure. However, we noted that we were not faced with a situation where because of a traffic violation, arresting officers plan to impound a vehicle despite the fact that there was no necessity to do so.
Jewell and more recent cases have cautioned that law enforcement officials can not use the procedure of impounding and conducting an inventory search as a subterfuge for a warrantless search without probable cause for the primary purpose of seizing evidence for criminal proceedings. State v. Schmidt, 359 So.2d 133 (La.1978); State v. Gaut, 357 So.2d 513 (La.1978); State v. Rome, 354 So.2d 504 (La.1978); State v. Jewell, supra. See also, Annotation, Lawfulness of "Inventory Search" of Motor Vehicles Impounded by Police, 48 A.L.R.3d 537, 544 (1973).
Various factors indicate that the State has not established that the police officers were justified in approaching the car to take it into custody. These factors include the failure of the officers to ask the defendant if he wished to leave the car parked on the shoulder or make other arrangements, the failure of the officers to call a tow truck to take defendant's car to a location for safekeeping, and the officers' failure to ask defendant if his car contained any valuables which required the car to be moved from its location. State v. Schmidt, supra.[4] See also, State v. Hargiss, 288 So.2d 633 (La.1974). Because the State has failed to meet the first requisite of the plain view doctrine, that doctrine can not apply to the evidence seized in the instant case.
Accordingly, the warrantless seizure of evidence from defendant's car violated defendant's rights under the Fourth Amendment and those afforded by Article 1, § 5 of the Louisiana Constitution of 1974. The defendant's conviction and sentence are reversed, the motion to suppress is granted, and the case is remanded for a new trial consistent with the laws and views herein expressed.
SANDERS, C. J., dissents.
NOTES
[1] Assignment No. 1 assigns as error the trial court's failure to release defendant at a preliminary hearing scheduled to be heard on March 17, 1976 and continued because the police had not yet sent the marijuana to the crime lab for analysis. In assignment number two defendant argues that the trial court erred in denying a motion to suppress the evidence due to an incomplete chain of custody. Assignment No. 4 requests this Court to hold that the jury verdict is contrary to the law and evidence on the face of the record and further requests this Court to review the sentence imposed.
[2] The two police officers were sheriff's deputies principally involved in intelligence operations in St. Mary Parish, dealing primarily in vice and narcotics work. One of the officers had previously arrested the defendant resulting in his first conviction for possession of marijuana.
[3] In Opperman, respondent's automobile had been impounded for multiple traffic violations after a citation had been issued warning respondent that his vehicle was parked in a restricted zone.
[4] Even if department regulation mandatorily required the officer to take the vehicle into custody or to make an inventory search, this would not make the seizure of evidence valid. "Unconstitutional searches cannot be constitutionalized by standardizing them as part of normal police practice." State v. Jewell, 338 So.2d at 640.