369 So.2d 1317 (1979)
STATE of Louisiana
v.
Arthur H. GREENWALD.
No. 63226.
Supreme Court of Louisiana.
April 9, 1979.
*1318 John Wilson Reed, Robert Glass, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William E. Wynne, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The defendant, Arthur Greenwald, pleaded guilty to simple possession of cocaine, La.R.S. 40:967(C), reserving his right to appeal from the denial of his motion to suppress, State v. Crosby, 338 So.2d 584 (La. 1976), and was placed on probation for fifteen months, without a judgment of guilt, La.R.S 40:983, upon the condition that he pay a fine of $5,000 and contribute $1,000 to the court's restitution fund.
One morning a young woman stopped her automobile in front of a New Orleans Harbor Police patrol car which was parked across from the Chef Menteur bridge office. She ran to the building, knocked on the door and reported to the officer on patrol that the passenger in her car, who was probably armed with a gun, had threatened her life and had narcotics in his possession. She added that other persons in four or five cars had chased her from Florida attempting to kill her.
As the officer returned to the car with the woman, he observed nothing unusual about the vehicular traffic on the bridge. He saw Greenwald, who was seated on the front passenger side, lean downward toward the floorboard. The officer, who was armed, commanded Greenwald to get out of the car and place his hands on top of its roof. When the defendant complied the officer frisked him but found no weapon. The officer observed a burlap type bag inside of the car on the passenger floorboard. Although the evidence is sketchy, it appears from the record that at this time the defendant was away from the passenger door, out of reach of the burlap bag, and that the bag was tied at its top. Without drawing his revolver, the officer ordered the defendant to pick up the bag and empty its contents on the ground. When the bag was emptied no gun was found, but the officer saw two amber vials with black tops. The officer called for a narcotics officer and detained Greenwald for ten minutes awaiting his arrival. The narcotics officer opened the vials and discovered that they contained a white powdery substance, which appeared to be cocaine. Greenwald was then placed under arrest for possession of narcotics.
After a hearing on defendant's motion to suppress, the trial court approved the search of the burlap bag and denied the motion to suppress the two vials found. The defense concedes that the officer had reasonable cause to require Greenwald to step from the automobile, submit to a search of his outer clothing for the protection of the officer and submit to reasonable questioning by the policeman. However, the defendant contends that the officer's actions in requiring the defendant to dump the contents of the burlap bag on to the ground exceeded the limited protective seizure and search for weapons under the Fourth Amendment in the interest of the police officer and others nearby.
The police officer was certainly justified in responding to his informant's tip. While the Supreme Court decisions indicate that an unverified tip is insufficient for a *1319 narcotics arrest or a search warrant, even when the informant is known to the officer, see, e. g., Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the information carried enough indicia of reliability to justify the officers' forcible stop of the defendant. See, Adams v. Williams, 407 U.S. at 147, 92 S.Ct. at 1924, 32 L.Ed.2d at 617.
However, nothing resembling probable cause existed until after the search had turned up the amber vials with black tops. It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Thus, the search cannot be justified as incident to a lawful arrest.
If the officer lacked probable cause for an arrest, however, his seizure and search of the defendant's person and possessions might still have been justified, since he had reasonable grounds to believe that the defendant was armed and dangerous, if the nature and scope of the search conducted were related to that justification. See, Sibron v. New York, 392 U.S. at 63, 88 S.Ct. at 1903, 20 L.Ed.2d at 936.
In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court recognized that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."Id., 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906-07. Furthermore,
"[w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm." Id. 392 U.S. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908.
But the sole justification for such a limited protective search for concealed weapons is the protection of the police officer and others nearby, and it must therefore be confined in scope to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer. Id. 392 U.S. at 29, 88 S.Ct. at 1884, 20 L.Ed.2d at 911.
The nature and scope of the search of the burlap bag conducted by the officer in this case were so clearly unrelated to a limited protective search for concealed weapons as to render the amber vials of cocaine inadmissible. The search for weapons approved in Terry consisted solely of a limited patting of the outer clothing of the suspect for concealed objects which might be used as instruments of assault. Only when he discovered such objects did the officer in Terry place his hands in the pockets of the men he searched. In the instant case a patting of the defendant's clothing did not uncover the presence of a weaponlike object. The defendant was standing outside the car with his hands on its roof out of reach of the burlap bag which was inside the vehicle with its top tied. The officer was armed and obviously in control of the situation. At this point he would have been justified in doing no more than questioning the defendant about the information that had been supplied by the woman. Instead, without any necessity to do so for the protection of himself or others, the police officer forced the defendant to pull the burlap bag from the car, open it and empty its contents on the street. The search was not reasonably limited in scope to the accomplishment of the only goal which might conceivably have justified its inceptionthe protection of the officer by disarming a potentially dangerous man. Such a search violates the guarantee of the Fourth Amendment, which protects the sanctity of the person against unreasonable intrusions on the part of all government agents. See, Sibron v. New York, 392 U.S. at 65-66, 88 S.Ct. at 1904, 20 L.Ed.2d at 936.
*1320 The trial court fell into error in its refusal to suppress the inadmissible evidence. The defendant's conviction and disposition based thereon must be reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
SUMMERS, C. J., and BLANCHE, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Officer had at least implied consent from the alleged victim to search her automobile. In any event, under the facts here presented, I do not consider the search and seizure of the burlap bag to have been "unreasonable" within the meaning of our state and federal constitutions. Hence, the trial judge did not err in denying the motion to suppress.
Accordingly, I respectfully dissent.