374 So.2d 1248 (1979)
STATE of Louisiana
v.
Danny L. BLANCHARD.
No. 64164.
Supreme Court of Louisiana.
September 4, 1979.
Edward C. Keeton, Gretna, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., James Maxwell, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
*1249 BLANCHE, Justice.
Defendant was charged by bill of information with possession of cocaine, LSA-R.S. 40:967, found in two packets seized by a police officer as a result of a routine traffic stop. Counsel for defendant filed a motion to suppress, alleging the search of defendant's vehicle constituted an unreasonable search and seizure. The trial judge denied the motion. We granted defendant's application for supervisory writs to consider the correctness of the decision by the court below. State v. Blanchard, 369 So.2d 465 (La.1979). We reverse.
The incident occurred in the early afternoon of April 8, 1978. Sergeant Wallace Alleman of the Gretna Police Department, while on patrol along the Huey P. Long Highway, spotted defendant's car and noticed the car did not have a brake tag. Alleman used his lights and siren to effect a traffic stop of Blanchard's vehicle. Blanchard got out of the vehicle and approached Alleman's unit where he was asked for his license. All the defendant could produce was a receipt for a driver's license on a citation he had gotten the previous year. Alleman testified that he noticed an irregularity in the receipt, which aroused his suspicion, and he decided to call in and check to see if the defendant had a valid license.
At this point, Deputy Rick Moore arrived in his unit to assist in the traffic stop. He testified that it was a matter of routine, since he was in the area and heard Alleman on the radio say he was on a traffic stop. Alleman testified that he reported to Moore that he thought he had observed the defendant hurriedly put something under the seat, which Alleman thought might be a weapon.
Moore returned to the vehicle, raised up the seat in the small two-seater Porsche automobile and found two small packets containing cocaine. Alleman then placed the defendant under arrest for brake tag and license violations and the drug offense here charged.
Defendant claims the trial judge erred in refusing to suppress the cocaine since the officers had no probable cause to search his vehicle and the search could not be justified as either a "Terry" patdown or a search incident to an arrest. We agree.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution of 1974 prohibit unreasonable searches and seizures. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Lain, 347 So.2d 167 (La. 1977). The State bears the burden of proving that one of these exceptions applies. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Adams, 355 So.2d 917 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
The State wisely did not seriously contend that the officers had probable cause to search the defendant's vehicle. Alleman testified that he had a suspicion that the defendant had concealed a gun under the seat when he pulled the defendant over. It is not a criminal offense to carry a weapon in a vehicle, unless the possessor happens to be a convicted felon. LSA-R.S. 14:95.1. Not one scintilla of evidence is contained in the record that remotely suggests that the officers had reason to believe the defendant was concealing drugs in his vehicle.
Without recounting all of the testimony on this point, we would like to note briefly the hopeless conflict in the testimony among the State's own witnesses. The testimony of the officers was in material conflict regarding who searched the car, the location of the vehicles and the location of the defendant and of Alleman when Moore arrived. In light of the poor showing by the State, we find that no probable cause existed for the search of the vehicle.
The only serious argument offered in support of the constitutionality of the warrantless search was that the search was made incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 *1250 L.Ed.2d 685 (1969); State v. Daigre, 364 So.2d 902 (La.1978); State v. Breaux, 329 So.2d 696 (La.1976); State v. King, 322 So.2d 205 (La.1975). This exception has occasionally been invoked to justify searches made incident to the arrest of persons for traffic violations. However, in order for a search to be valid as an incident to a lawful arrest, the State must prove that the defendant had, in fact, been arrested at the time the search was conducted. State v. Marks, 337 So.2d 1177 (La.1976). It is axiomatic that an incidental search may not precede an arrest and serve as part of its justification. State v. Greenwald, 369 So.2d 1317 (La.1979).
While the evidence strongly suggests that the search was made prior to any arrest, we pretermit that determination since we find the search cannot qualify as a search incident to an arrest.
A search incident to a lawful arrest is authorized for the purpose of protecting the arresting officer and is limited to a search of the person of the defendant and the area within his immediate control. Coolidge v. New Hampshire, supra; Chimel v. California, supra. See e. g. State v. Simmons, 357 So.2d 517 (La.1978), and State v. Robinson, 342 So.2d 183 (La.1977). At the time the seizure occurred, defendant was standing between two and four feet from the door of his vehicle. The door to the vehicle was closed. Further, the defendant was in the immediate company of two law enforcement officers. To suggest that the defendant could have dived through the window of his car and seized a weapon from under his seat, under these circumstances, is unreasonable. Quite simply, the area which was searched was not within the defendant's immediate control from which he could have gained access to a weapon or destroyed evidence.
The State's argument is also unconvincing when we consider that the defendant was not "rooted" to the ground. If the officers had believed that he might go for a weapon in the vehicle, the simpler alternative would have been to ask the defendant to step away from the vehicle, rather than bring him to it, as was done in this case.
For these reasons, we conclude that the trial court erred in denying the motion to suppress.

DECREE
For the above and foregoing reasons, the ruling of the trial court denying the motion to suppress is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
SUMMERS, C. J., dissents.