437 So.2d 269 (1983)
STATE of Louisiana
v.
Robert E. HUSBAND.
No. 82-KA-1488.
Supreme Court of Louisiana.
September 2, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Dolores Smith, Mary Charlotte McMullan, Beryl McSmith, Asst. Dist. Attys., for plaintiff-appellee.
William Ary, New Orleans, for defendant-appellant.
WATSON, Justice.
Defendant, Robert E. Husband, was convicted at a bench trial of being a felon in possession of a firearm and sentenced to three years at hard labor. LSA-R.S. 14:95.1.[1] *270 He has appealed his conviction, relying on three specifications of error.

FACTS
On August 7, 1981, about 2:50 P.M., three New Orleans Police Officers, Napoleon Williams, Jr., Michael Bossetta and Vincent Tuminello, were wearing plain clothes and patrolling in an unmarked car. Officer Bossetta saw Johnny Husband, known to be a convicted felon, at a telephone booth. Observing the outline of a large revolver under Johnny's waistband, Bossetta went in pursuit. Johnny ran to a White Fleet taxicab parked across the street, drawing the revolver and tearing his shirt in the process. Officer Bossetta drew his weapon and said "Don't do it, Johnny." (Tr. 3) Johnny threw the gun onto the right front passenger seat of the cab and sat on it. As Officer Williams approached the driver's side of the vehicle, he observed this defendant, Robert Husband, slide a second revolver into the space between the split front seats.
Officer Bossetta removed Johnny Husband and his revolver from the cab. Meanwhile, Officer Williams directed the driver out of the cab and retrieved the second revolver. Learning that the cab driver was Robert Husband, Johnny's brother, the officers ran a computer check on the guns and the two names. Both men had prior felony convictions and Johnny Husband's gun was stolen. Defendant, Robert Husband, was arrested for being a felon in possession of a firearm.[2]
Johnny Husband testified that both of the pistols belonged to him, and Robert was unaware they were in the vehicle. Johnny said he had placed one under the seat and the other under the arm rest while Robert was away from the cab. Robert testified, on the contrary, that Johnny threw both guns in the cab as he returned from the phone booth and one fell between the seats.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends the trial court erred in denying his motion to suppress the gun, arguing that Officer Williams lacked probable cause to justify defendant's detention.
*271 The officers testified that cab drivers commonly carry guns and the practice is not illegal, barring prior felony conviction or concealment. However, once Johnny Husband, a convicted felon in possession of a weapon, entered the cab, Officer Williams had probable cause to approach the driver's side of the automobile. It was imperative that the vehicle and its armed passenger be stopped. LSA-C.Cr.P. art. 215.1; Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
In light of the conflicting testimony of the Husband brothers, Officer Williams' account of the second revolver is the most credible. Thus, while detaining the automobile, Officer Williams observed defendant secret the second revolver between the seats. There was probable cause for the arrest of Johnny Husband and Officer Williams' plain view of the second revolver had prior Fourth Amendment justification. See Texas v. Brown, ___ U.S. ___, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). This weapon was accessible to both defendant and his armed passenger. Officer Williams was entitled to take the weapon into protective custody. State v. Cobb, 419 So.2d 1237 (La., 1982); State v. Reed, 388 So.2d 776 (La., 1980); State v. Ford, 407 So.2d 688 (La., 1981). Compare Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
Defendant's attempt to hide the gun certainly justified his temporary detention. State v. Wade, 390 So.2d 1309 (La., 1980). The inconvenience involved in removing defendant from the cab and questioning him about his name was a permissible "de minimis" intrusion on his liberty. Pennsylvania v. Mimms, 434 U.S. 106 at 111, 98 S.Ct. 330 at 333, 54 L.Ed.2d 331 at 337 (1977); State v. Bolden, 380 So.2d 40 (La., 1980); State v. Reed, supra. Once the computer check revealed that defendant was a convicted felon, the officers were justified in detaining him and the gun. State v. Cobb, supra.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends the evidence was insufficient to prove his guilt beyond a reasonable doubt.
The question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Joseph, 425 So.2d 1261 (La., 1983).
The elements of the crime are: (1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten year statutory period of limitation; and (4) general intent to commit the offense. LSA-R.S. 14:95.1.
The only witness who saw defendant in possession of the revolver was Officer Williams. It is argued that this testimony was insufficient because it was contradicted by both of the Husband brothers. However, since their testimony differed, the trier of fact was entitled to accept that of Officer Williams. A rational trier of fact could have concluded beyond a reasonable doubt, on the basis of Officer Williams' testimony, that the defendant had been in possession of a firearm and had the requisite general criminal intent.
On direct examination, after the state had rested, defendant testified that he went to the penitentiary for attempted armed robbery and was released on February 14, 1980. A "prison packet" from the state penitentiary, the record of defendant's previous conviction and imprisonment, was introduced into evidence by the state. A fingerprint expert took defendant's fingerprints in open court. They matched those on a certified true copy of a fingerprint card in the "prison packet". A rational trier of fact could have found that the defendant had been convicted of attempted armed robbery, one of the felonies enumerated in LSA-R.S. 14:95.1, and ten years had not elapsed since the completion of his sentence.
*272 Therefore, the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant complains that the trial court erroneously admitted the "prison packet" into evidence. Defendant argues that records of his prior imprisonment were unauthenticated hearsay and highly prejudicial.
Since defendant's testimony on direct examination verified the fact that he had been convicted of attempted armed robbery and had not completed his sentence more than ten years prior to this offense, there was no prejudice.[3]
This assignment lacks merit.

DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
LEMMON, J., concurs but disagrees with the dicta concerning the essential elements of the offense, which the state has the burden of proving. The cleansing period is an affirmative defense, and the defendant has the burden of proving entitlement to this defense.
DENNIS, Justice, concurring.
I respectfully concur.
The officers had probable cause to arrest Johnny Husband for being a convicted felon in possession of a weapon. Because of the circumstances the officers had reasonable cause to suspect that other criminal activity was afoot and that the defendant was involved. When approached by Officer Bossetta, Johnny Husband ran directly towards the defendant's cab. The defendant neither attempted to escape from the passenger with a gun nor aid in his capture; rather he attempted to hide his own weapon between the front seats of the cab. Accordingly, the officers were entitled to ask the defendant to step from the cab for brief questioning and to temporarily seize any weapons on his person or within his reach during the investigatory stop for their protection. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Pennsylvania v. Mimms, 434 U.S. 106,98 S.Ct. 330, 54 L.Ed.2d 331 (1977).
NOTES
[1] LSA-R.S. 14:95.1 provides:

"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
"B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
"C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
"(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole or suspension of sentence.
"(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
"(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section."
[2] Johnny Husband was charged with possession of stolen property and being a felon in possession of a firearm. He was subsequently tried and convicted.
[3] The trial court sustained an objection to the prosecutor's attempt to cross-examine defendant concerning the records of his conduct in the prison.