GULOTTA, Judge.
Sentenced to three years’ imprisonment on his guilty plea to violating LSA-R.S. 14:95.1, possession of a firearm by a convicted felon, Glenn A. Wilson appeals the denial of his motion to suppress the evidence. We affirm.
On March 26, 1983, defendant stopped his vehicle at the corner of Martin Luther King Boulevard and Dryades Street in New Orleans, and offered undercover NOPD Officer Claudia Neal twenty dollars to “make love” with him. By a prearranged signal indicating that the crime of prostitution had been committed, Officer Neal alerted two other vice investigation policemen, who were watching 50-100 feet away in an unmarked vehicle. These officers, Anthony Radosta and David Stokes, then drove to defendant’s car and exited with an intention to arrest Wilson.
At a distance of 2-3 feet from the door of defendant’s automobile, Officer Radosta observed defendant lean back, pull something out of his waistband, and reach under the front seat with “something dark” in his hand that Radosta believed to be a pistol. Officer Stokes likewise observed defendant remove “some sort of contraband” from his waistband, although he could not see it clearly. Radosta “jumped back from the door”, drew his own pistol and yelled to his partner that defendant had a weapon. Ra-dosta then ordered defendant to get out of the car, and proceeded to handcuff him at the rear of the vehicle, while Stokes recovered a .38 Smith & Wesson revolver from under the seat of the car. The arrest and handcuffing of defendant by one police officer were almost simultaneous with the recovery of the weapon by the other officer.
After it was determined that defendant had a prior robbery conviction, he was charged with violating LSA-R.S. 14:95.1, possession of a firearm by a felon. Defendant pled guilty, reserving his right, pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), to appeal the denial of his prior motion to suppress evidence of the seized pistol.
ERRORS PATENT
Before turning to the merits of the motion to suppress, we note a single error patent on the face of the record.
In sentencing defendant to serve three years at hard labor without benefit of parole, probation or suspension of sentence, the trial judge failed to impose the additional mandatory fine of “not less than one thousand dollars nor more than five thousand dollars” required by LSA-R.S. 14:95.-KB).[1]
In State v. Jackson, 452 So.2d 682 (La.1984), the Louisiana Supreme Court recently held that an appellate court “should disregard sentencing errors favorable to the defendant unless the prosecution has raised the issue in trial court and has sought appellate review.”
In the instant case, defendant alone has appealed solely on the issue of the denial of *77 his motion to suppress physical evidence. The State has not raised any issue or sought appellate review concerning the trial judge’s failure to impose a fine in addition to the prison term. Under these circumstances, correction of this sentencing error in defendant’s favor would effectively result in a harsher sentence with a possible “chilling effect” on the exercise of the defendant’s right to appeal. See State v. Jackson, supra.
Accordingly, in light of the Jackson holding, supra, we will not remand the case for resentencing or otherwise amend the sentence imposed, despite our recognition of the error.
MOTION TO SUPPRESS
In his sole assignment of error, defendant contends the trial judge erred in denying his motion to suppress evidence of the pistol seized from his vehicle. Citing the established rule that a warrantless search incident to a lawful arrest is limited only to a search of the arrestee’s person and the area within his immediate control (for the purpose of protecting the arresting officer), defendant argues that the vehicle search was unreasonable because it occurred when he was in handcuffed police custody at the rear of his car without immediate access to the pistol under the front seat. We disagree. We conclude the search of defendant’s vehicle was a proper incident of his arrest for prostitution.
In State v. Drott, 412 So.2d 984 (La.1982), the Louisiana Supreme Court held that it is permissible for a police officer to search the interior of a automobile after lawfully arresting its occupant when the arrestee remains “in proximity of the vehicle.” The Drott majority cited language from the landmark United States Supreme Court case, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), to the effect that a policeman who has a made a lawful custodial arrest of an occupant of a vehicle, may “as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.”
In Drott, supra, police officers had probable cause for the warrantless arrest of a security guard suspected of theft. After stopping the defendant’s truck, the two arresting officers ordered the defendant to get out of the vehicle, whereupon the officer took a revolver from the suspect. Within thirty to sixty seconds following the initial stop, one of the arresting officers searched the vehicle and recovered several hundred dollars in stolen cash. The search of the truck was held valid as an incident of the defendant’s lawful arrest.
In the instant case, police officers had probable cause to arrest Wilson for prostitution based upon Officer Neal’s prearranged signal that a vice violation had occurred in her presence.[2] As in Drott, the arrest of defendant’and seizure of the evidence occurred closely in time; in fact, in the instant case, they were almost simultaneous. As Officer Radosta approached to make the arrest, he spotted the weapon, “jumped back”, yelled to his partner, ordered defendant out of the car, and proceeded to handcuff him while the second officer retrieved the weapon from under the front seat. Under these circumstances, the officers were clearly justified in seizing the weapon out of concern for their own safety. Moreover, defendant was clearly in “proximity” to his vehicle. Under the rationale of the State v. Drott and New York v. Belton, therefore, the seizure of the weapon was valid as a “contemporaneous incident” of his arrest.
In so holding, we distinguish State v. Blanchard, 374 So.2d 1248 (La.1979), relied on by defendant. In Blanchard, a defendant, who had been stopped for a brake tag violation, spontaneously exited his vehicle and approached the police officer, who proceeded to check his driver’s license. Because of the officer’s suspicion of the validity of the license, he called on his radio for *78 verification of its authenticity. Another officer, patrolling in the area in his police car, heard the radio transmission and proceeded to the place where the stop had been made. His purpose was to assist “in the traffic stop”. A search of the vehicle was made after the first officer expressed a suspicion that the defendant had hurriedly put something under the car’s front seat.
The Supreme Court in Blanchard held that the subsequent seizure of cocaine under the car seat was unreasonable because at the time of the search the defendant was standing 2-4 feet from the closed front door of his vehicle in police custody and had no access to the area searched. We point out also that in Blanchard there was a considerable lapse of time between the arrest and the seizure. However, in the instant case defendant’s arrest and the seizure of the weapon occurred contemporaneously and under circumstances much more dangerous to the safety of the arresting officers than those present in Blanchard. One officer retrieved the pistol after his fellow officer spotted it, “jumped back” and “yelled” to him in the course of Wilson’s arrest. The sequence of events was much more rapid and spontaneous than in Blanchard. Furthermore, because the Blanchard decision predates the United States Supreme Court’s opinion in New York v. Belton, supra, and the Louisiana Supreme Court’s later opinion in State v. Drott, supra, its precedential value as authority for the scope of vehicle searches incident to valid arrests may be questionable.
Although it is not cited by defendant, we likewise distinguish State v. Hernandez, 410 So.2d 1381 (La.1982), where the Louisiana Supreme Court held a vehicle search unreasonable when a defendant arrested for DWI and reckless operation of a motor vehicle had been handcuffed and taken to the police station before the warrantless search of the car at the scene of the arrest. In the instant case, unlike Hernandez, the seizure of the weapon from the front seat of defendant Wilson’s car occurred virtually simultaneously with his arrest and handcuffing in proximity to his car. See also State v. Singletary, 442 So.2d 707 (La.App. 1st Cir.1983), which factually distinguishes Hernandez on similar grounds.
Despite our treatment of Hernandez, we are mindful of the existence of an apparent conflict between Hernandez and Drott concerning the application of New York v. Belton, supra, under the Louisiana constitution.
The Hernandez opinion states, in dicta, that it does not consider the Belton standard of vehicle searches to be a “correct rule of police conduct” under the Louisiana Constitution, which imposes “a higher standard of individual liberty than that afforded by the jurisprudence interpreting the federal constitution.” However, in the later Drott opinion, supra, the Court appears to apply the Belton standard without expressly overruling the Hernandez dicta or addressing the constitutional question raised by the earlier opinion.[3] Perhaps the apparent conflict between Hernandez and Drott, vis a vis the Belton standard of vehicle searches incident to arrests, may be resolved by the Louisiana Supreme Court in the appropriate case.
Because we conclude under the facts of this case that the warrantless search of defendant’s vehicle was proper as incident to his lawful arrest, we find no error in the trial judge’s denial of the motion to suppress. The sentence imposed following defendant’s plea of guilty is affirmed.
AFFIRMED.

. LSA-R.S. 14:95.1(B) prescribes the following penalty for possession of a firearm by a convicted felon: "Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars”. (Emphasis ours)

. LSA-R.S. 14:82(b) defines the crime of prostitution as: "The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.”

. In a separate opinion in State v. Drott, supra, however, Justice Dennis cited Hernandez and expressed a desire to grant a rehearing in Drott to consider whether the Louisiana constitution permitted the warrantless search of the vehicle under the circumstances in that case.