GARRISON, Judge.
The defendant, Jerome Zilton, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.1.[1] The trial *179 judge found the defendant guilty as charged and sentenced him to three years at hard labor without parole, probation or suspension of sentence plus a fine of $1,000.00. Defendant now appeals.
On January 12, 1986, Officers Edmond Worthy and Joseph Shamberg of the New Orleans Police Department were on routine patrol in an unmarked police car. As they travelled on Erato Street toward South Gal-vez Street, they noticed a car driven by the defendant run a stop sign. The officers stopped the vehicle and when they approached it, they noticed two occupants and a gun on the front seat in plain view. The officers ordered the two men out of the car, frisked them for more weapons and placed them in the rear of the police car for safety reasons. The officers returned to the defendant’s car, noticed a second gun in plain view and retrieved both weapons.
A computer check revealed that the defendants were convicted felons. At that time, the officers returned to the police car and placed both defendants under arrest for being convicted felons in the possession of firearms.
At trial, the defendant stated that he had borrowed the car from his mother and that he had no knowledge that the guns were in the car. The defendant admitted to a 1976 aggravated battery conviction and a 1979 attempted armed robbery conviction. The other occupant of the car was found not guilty by the trial judge.
On appeal, the defendant argues that the trial judge erred in denying the motion to suppress the evidence. Specifically, the defendant claims that the police arrested him without probable cause when they placed him in the back of the police car before learning that he was a convicted felon. Furthermore, defendant argues that the weapons seized from his car should have been suppressed because this seizure was the result of an illegal warrantless search.
In denying defendant’s motion to suppress the evidence, the trial court relied on the case of State v. Reed, 388 So.2d 776 (La.1980). We agree with the trial judge.
The central inquiry on governmental invasion of a citizen’s constitutionally protected right of privacy and personal security is to determine its reasonableness under all of the circumstances. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In the instant case, as in Reed, the officers.had reasonable cause to stop the defendant due to the traffic violation. Additionally, in both cases, as the police officers approached the defendants’ cars, they were confronted with a situation in which two individuals were within possible reach of a dangerous weapon which was easily accessible and in open view on the front seat of the car.
*180 In this case, when the defendant was placed in the rear of the police car after the officers spotted the gun on the front seat between the defendant and his passenger, he was arguably in custody even though there was no justification for an arrest on a weapons charge at that time. However, in Reed, the court held that although the defendant in that case was arguably in custody when police officers ordered defendant and his passenger to the rear of their own car, the officers were justified in taking temporary custody of the weapon for their own protection during the course of their investigation. As stated in Terry v. Ohio, supra, “it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties.” The subsequent discovery that defendant was a convicted felon justified the seizure of the weapons for evidence.
Therefore, because the seizure of the weapon from defendant’s car was reasonable under the circumstances, the defendant’s motion to suppress the evidence was properly denied by the trial judge. Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-R.S. 14:95.1 states as follows:
"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated, forcible or simple rape, aggravated crime against nature, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under *179 the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1)The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section.".