368 So.2d 1048 (1979)
STATE of Louisiana
v.
Carl LaRUE.
No. 62394.
Supreme Court of Louisiana.
March 5, 1979.
*1049 John M. Madison, Jr., Wiener, Weiss, Madison & Howell, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Terry L. Lindsey, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.[*]
Defendant Carl LaRue was charged with possession of marijuana in violation of R.S. *1050 40:966. He filed a motion to suppress the marijuana seized from his automobile without a warrant. It was denied. He thereupon entered a plea of guilty with reservation of his right to seek review of the trial court's ruling on the motion to suppress, and filed application for writs to review the conviction and sentence in this Court.[1] We granted a writ of certiorari to review the trial court's ruling on defendant's motion to suppress. 363 So.2d 915 (La.1978).
At approximately 4:00 p. m. on January 25,1978 defendant and a companion, Robert Lawson, were driving from Texarkana, Texas to Shreveport, Louisiana to purchase tickets for a concert. As defendant was driving his vehicle near Vivian, Louisiana, a Caddo Parish deputy sheriff observed defendant's vehicle cross a double yellow line while passing another vehicle. After stopping defendant's vehicle, and having the driver and passenger disembark, the officer arrested them both. He later charged defendant with driving while intoxicated and driving without a driver's license. He charged the passenger with public drunkenness. The officer conducted what he contends was an inventory search of the car and found marijuana in the console between the front seats. Although the officer asserted that both arrests were made because both occupants smelled of alcohol and had bloodshot eyes and slurred speech, the only alcohol found in the car was two partially empty beer cans. No field sobriety test was given either occupant. Moreover, the blood alcohol test performed on defendant's blood revealed an alcohol level under 0.10 percent, the amount which gives rise to a statutory presumption of intoxication. R.S. 32:662.
Defendant's only assignment of error relates to the trial court's denial of his motion to suppress illegally seized evidence. Article I, Section 5 of the Louisiana Constitution of 1974 prohibits "unreasonable searches, seizures, or invasions of privacy" by government officials. Under this provision, and a similar provision contained in the Fourth Amendment to the United States Constitution, a search warrant is required as a general rule for a search to be constitutionally authorized. To this general rule, however, historical and practical exceptions have developed justifying warrantless searches under certain circumstances. The United States Supreme Court has explicitly held that when a car is impounded standard police procedure in making reasonable "inventory searches" to preserve a car owner's property and protect the police against claims of lost or stolen property does not constitute an unreasonable search which offends the Fourth Amendment to the United States Constitution. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); see also Cady v. Dombroski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). This Court has adopted the United States Supreme Court's reasoning on the issue of inventory searches. State v. Hatfield, 364 So.2d 578 (La.1978); State v. Banks, 363 So.2d 491 (La.1978); State v. Doucet, 359 So.2d 1239 (La.1978); State v. Schmidt, 359 So.2d 133 (La.1978); State v. Gaut, 357 So.2d 513 (La.1978); State v. Rome, 354 So.2d 504 (La.1978); State v. Jewell, 338 So.2d 633 (La.1976). However, once a defendant makes an initial showing at a hearing on a motion to suppress that a warrantless search occurred, the burden of proof shifts to the state to affirmatively show that a search was justified under one of the exceptions to the rule requiring a search warrant. State v. Franklin, 353 So.2d 1315 (La.1977).
While the above cited jurisprudence allows true inventory searches, it does not allow such a search to be used as a subterfuge for rummaging through an arrestee's vehicle without a warrant for the primary purpose of seizing evidence. See *1051 State v. Rome, supra and State v. Jewell, supra. This Court examines the totality of the circumstances surrounding the search to determine if it was a legitimate inventory search. State v. Hatfield, supra. Some of the factors which this Court has found to be significant in determining that a so-called inventory search was merely subterfuge are: that formal impoundment procedures were not followed; that the search was conducted "in the field"; that a tow truck was not called before commencing the search; that the car owner was not asked for his consent to the search, if his car contained valuables, if he would waive an inventory search, or if he could make arrangements to have someone pick up the vehicle. See State v. Schmidt, supra and State v. Hatfield, supra.
In the instant case we are not satisfied from the record that a true inventory search took place. The search was conducted "in the field" rather than upon impoundment; the car owner was not asked if his car contained valuables or if he could make arrangements to have someone pick up the vehicle. He was not allowed to leave the car locked and parked on the side of the road, as he stated he preferred to do, because it was against police policy; nor did the officer testify that the tow truck was called before the search was made.[2] See State v. Schmidt, supra and State v. Hatfield, supra.
It does appear that impoundment procedures were followed and that a standard inventory form was filled out. However, the officer's only justification for the "inventory search" and refusal to allow defendant to either leave his vehicle on the side of the road or make other arrangements for its removal was that he acted in accordance with standard police policy. In State v. Jewell, supra; the Court stated:
"The claim is made that the search was conducted pursuant to a departmental regulation. If so, a police inventory procedure of this nature  which permits arresting police officers unlimited discretion and without probable cause to make on-the-spot searches of vehicles at the scene of an arrest  cannot (however standard it may be with a local department) supersede the provisions of our state constitution restricting all agents of government from making unreasonable searches and seizures. Unconstitutional searches cannot be constitutionalized by standardizing them as a part of normal police practice."
The facts in this case are almost identical with those in State v. Rome, supra. And the law to be applied is the same. The state here has not borne its heavy burden of proving there legitimately existed in this instance an inventory search exception to the warrant requirement.

Decree
Defendant's motion to suppress should have been sustained. The conviction and sentence are therefore reversed and set aside.
REVERSED.
SUMMERS, C. J., dissents.
NOTES
[*] Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.
[1] Defendant was sentenced to pay a fine of $300.00 and court costs and to serve a period of four months in the parish jail, which jail term was suspended.
[2] While filling out the inventory form the officer did ask defendant if he had any preference concerning the wrecker which was to be called to tow the car away. Defendant stated no preference other than to request that the car be permitted to remain on the side of the road.