TATE, Justice.
The defendant was convicted of possession of heroin, La.R.S. 40:966(C), and sentenced to four years imprisonment at hard labor. Upon his appeal, he urges that the drug was found in the glove compartment of his car as the result of an illegal and warrantless search, and that the trial court incorrectly denied his motion to suppress the evidence.
We find merit to this contention and reverse.
The state attempts to justify the war-rantless entry into the vehicle as an “inventory” search.
Prior to the warrantless entry, the accused had driven his car into a chain-link fence and struck a tree and a house. His car was wrecked. The police came to the scene and arrested him for driving while intoxicated. They asked his mother, who was at the scene, if she had a wrecker preference. Since she had none, they called a wrecker for her.
The police witnesses admitted that, prior to the “inventory” search, they had no reason to impound the wrecked car and no objection to the mother’s having the vehicle towed to her own home. Nor did they themselves have any interest in which wrecker service removed the vehicle from the scene.
Nevertheless, one of the officers proceeded to make an inventory search of the vehicle’s contents, allegedly because departmental regulations required this whenever the vehicle’s occupant was arrested. No effort was made to secure the consent of the accused or of his mother to this inventory.
The searching officer went immediately to the glove compartment, first looked inside a toilet article kit and found nothing illegal. Underneath the kit, he then saw a plastic bag containing three smaller sandwich bags. (When two of these were subse *CMXVIII quently opened, they were found to contain tin foil packets containing a whitish substance, later determined to be heroin.[1]) At this point, he ceased his inventory and ordered the vehicle impounded.[2]
The evidence discloses no probable cause for the unauthorized police entry into this vehicle, which was to be towed by a private wrecker to the defendant’s mother’s house. The record discloses no reasonable basis, prior to the illegal search, for impounding the vehicle or for making an inventory of its contents without the consent of its owner.
This court has held that an inventory search may be made under limited circumstances, not here present. State v. Hatfield, 364 So.2d 578 (La.1978); State v. Schmidt, 359 So.2d 133 (La.1978); State v. Jewell, 338 So.2d 633 (La.1976). We have repeatedly held, however, that an unconstitutional warrantless search may not be con-stitutionalized by a police policy requiring an “inventory” search, where impoundment or inventory is unnecessary.
See: State v. Hatfield, 364 So.2d 578 (La.1978); State v. Schmidt, 359 So.2d 133 (La.1978); State v. Gaut, 357 So.2d 513 (La.1978); State v. Rome, 354 So.2d 504 (La.1978); State v. Jewell, 338 So.2d 633 (La.1976).
Accordingly, the trial court should have granted the motion to suppress the evidence as unconstitutionally seized. We reverse its ruling to the contrary, set aside the conviction and sentence appealed from, and remand this case for a new trial in accordance with law.
REVERSED AND REMANDED.

. The accused testified that he did not know of the illegal contents within the plastic bag, which a friend had given him in connection with a prank at work.

. We do not reach the issue as to whether, even if the search had been lawful, the officer’s observation of the sealed package afforded him probable cause to order seizure of the vehicle.