KING, Judge.
The issue presented by this appeal is whether or not the trial court committed reversible error in permitting introduction of certain evidence during the trial.
Lynn Knippers (hereinafter defendant) and his wife were driving their car at night on Interstate Highway 10 in Jefferson Davis Parish, Louisiana when deputies observed the car drive onto the shoulder of the highway, stop, and the lights go off. The deputies stopped their vehicle behind the defendant’s car and observed defendant exit his car and stagger. After defendant refused to complete a field sobriety test, he was arrested for DWI. In the process of the deputies’ search of defendant and his vehicle, contraband was discovered. Defendant filed a pre-trial motion to suppress the contraband and the motion was denied. Defendant was tried and convicted of possession of cocaine and sentenced to serve two years at hard labor. Defendant timely appeals, citing as assignments of error that (1) The trial court erred during the trial in allowing the State to introduce evidence that was seized from defendant’s automobile; and (2) the trial court erred during the trial in allowing the State to introduce evidence of marijuana in defendant’s automobile. We affirm.
FACTS
On January 18, 1987, defendant, Lynn Knippers, and his wife, Mary Knippers, left Garfields Lounge in Lake Charles, Louisiana and proceeded home to Welsh, Louisi *405 ana in Jefferson Davis Parish. As they proceeded home on Interstate Highway 10, defendant decided to drive off the highway, allegedly to “park” for a short time with his wife. Deputy Michael R. Conner and his partner, Reserve Deputy Randy Countryman, observed the defendant’s vehicle drive onto the shoulder of the road, stop, and its lights go off. The deputies thought there might be car trouble and that the occupants might need help, so they also drove off the highway and stopped behind the defendant’s vehicle. As the deputies’ vehicle pulled behind the defendant’s car, they saw two occupants in the car with the female passenger reaching into the back. The defendant exited the car and staggered back to the deputies’ vehicle. As Deputy Conner exited his vehicle and approached the defendant, he detected a strong odor of alcohol on defendant’s breath as defendant yelled at the deputies not to hurt his wife. Both deputies were surprised at defendant’s behavior as his wife was still in the passenger seat of the car. Deputy Conner asked the defendant for his driver’s license. The defendant stated that he did not have it with him and that his wife had also lost her drivers license. Deputy Conner asked the defendant to perform a field sobriety test, which defendant started and failed in part, and defendant refused to complete the remainder of the test. Deputy Conner placed defendant under arrest for DWI and placed him in the rear of the deputies’ vehicle.
After questioning Mary Knippers, Deputy Conner allowed defendant to leave the sheriff’s vehicle to urinate. As defendant attempted to reenter the deputies’ vehicle, Deputy Conner performed a pat down search of his person. Deputy Conner felt what he believed to be a knife in the defendant’s front right pocket and asked defendant to remove the item. Defendant complied and pulled out a Vicks sinus medicated inhaler and a dollar bill. Since the inhaler was not a weapon nor did it appear to be evidence, Conner allowed defendant to keep the items. Defendant and his wife were placed in the rear seat of the deputies’ vehicle with neither being hand cuffed. Deputies Conner and Countryman radioed the sheriff’s dispatch to get a wrecker for defendant’s car and then prepared the necessary papers for making an inventory search of the contents of defendant’s car.
In the process of inventorying the defendant’s car, Deputy Conner found a bag of green leafy substance under the passenger seat and a half-smoked, hand-rolled cigarette in the ashtray. The bag and the cigarette were placed in a paper bag on the front seat of the deputies’ vehicle. En-route to the sheriff’s office, Deputy Conner stopped at the scene of a traffic accident where both he and Deputy Countryman exited their vehicle. A few minutes later, they returned to their vehicle and resumed their route to the sheriff’s office. When they arrived, and after defendant had refused the intoxilizer test, the deputies discovered that the plastic bag with the leafy green substance was missing from the paper bag, and all that remained was the half-smoked, hand-rolled cigarette.
When the defendant was booked into jail for DWI he emptied his pockets. Among the contents was a small brown bottle containing white powder. The defendant did not have the Vicks inhaler that Deputy Conner had returned to him after the pat down search. This provoked a search of the rear seat area of the deputies’ vehicle. A folded dollar bill and the Vicks inhaler, which defendant previously had in his possession, were found under the rear seat cushions of the deputies’ vehicle. An empty plastic bag containing the residue of the leafy green substance was found outside the vehicle near the rear wheel.
The contents of the brown bottle and the Vicks inhaler were analyzed and proved to be cocaine. The hand-rolled cigarette and the residue of the plastic bag were analyzed and proved to be marijuana. During the trial, Mary Knippers testified she ate the marijuana while the deputies were out of their vehicle at the scene of the accident.
On April 13, 1987, defendant was charged by bill of information with possession of a controlled dangerous substance, Cocaine, in violation of LSA-R.S. 40:967(C). Defendant filed a motion to suppress claiming the search of his vehicle and the seizure *406 of certain items from his automobile were unconstitutional. On September 15, 1987, a hearing was held on the motion to suppress. After hearing the evidence, the court found that Deputy Conner had probable cause to arrest the defendant and denied the motion to suppress. After a trial on the merits, the defendant was convicted by a jury for the crime of possession of cocaine. He was sentenced to two years at hard labor, with credit for time served.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that evidence seized from him was improperly admitted during his trial.
It is well settled that persons are protected from unreasonable searches and seizures by both the Fourth Amendment of the United States Constitution and Article 1 § 5 of the Louisiana Constitution of 1974. Both safeguards prohibit unreasonable searches and/or seizures of personal property, unless a warrant has been issued based upon probable cause. The United States Supreme Court has delineated several exceptions to the search warrant requirement; two of which are applicable here: the vehicle inventory search and the search incident to a lawful arrest. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
An inventory search without a warrant applies only when the driver of a vehicle is arrested and there is no other occupant available to drive the vehicle from the scene. It is the duty of the arresting officer to secure the arrestee’s property from theft, damage, or in the interest of public safety. The arresting officer is obligated to take an inventory of items found within the vehicle to perform this task. State v. Killcrease, 379 So.2d 737 (La.1980); State v. LaRue, 368 So.2d 1048 (La.1979).
Defendant argues that the search of his car and the ensuing discovery of the marijuana were improper and unconstitutional. As stated, a recognized exception to the search warrant requirement is the automobile inventory search. A true inventory search is one conducted in good faith and not used as a subterfuge for a warrantless search. State v. Jewell, 338 So.2d 633 (La.1976). Deputy Conner testified at trial that neither the defendant nor his wife had a driver’s license in their possession and defendant’s wife also substantiated this in her testimony at trial. At this point of time, Deputy Conner had probable cause to arrest the defendant for DWI and the defendant’s wife was incapable of driving the defendant’s car, because she had no drivers license, to remove it from the side of the highway. It is thus clear that it was proper for Deputy Conner to call for a wrecker to tow the defendant’s car and for him to conduct an inventory search of the car. The bag of marijuana and the half-smoked cigarette discovered in this inventory search were properly seized during a lawful inventory search of the defendant’s vehicle and are admissible in evidence for the reasons set forth in State v. Jewell, supra, and State v. Joyner, 445 So.2d 179 (La.App. 3 Cir.1984), writ den., 447 So.2d 1068 (La.1984).
The defendant does not allege that the pat down search of his person and the discovery of the Vicks inhaler and the folded dollar bills were unconstitutional. However, we will also address this issue. After the defendant returned from urinating, subsequent to his arrest, Deputy Conner proceeded to pat down the defendant and in the process discovered the items. The United States Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), delineated one of the first exceptions to the necessity for a search warrant. In Chimel, the United States Supreme Court stated that a search of the person and the surrounding area under his immediate control, without a warrant, is justified when the person is under arrest. This search serves two purposes; first, to remove any weapons the person may have in his possession; and secondly, to remove any evidence the arrestee may have in his possession or in the immediate area of the arrest. Deputy Conner stated the Vicks inhaler felt like a knife, thus, the request to remove the item for his inspection was justified and the subsequent dis *407 covery of contraband stemming from this request would also be admissible under the Chimel exception. Regardless, under LSA-C.Cr.P. Art. 228, the contents of the defendant’s pockets would have been discovered in the booking process for the DWI arrest, and thus admissible as evidence in his trial for possession of cocaine.
The trial court properly denied the defendant’s motion to suppress the evidence obtained at the time of his arrest. Defendant’s assignment of error number one is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that the introduction of evidence pertaining to his DWI arrest and the seizure of marijuana unfairly prejudiced him at his trial for possession of cocaine. He further alleges that this evidence should not have been introduced.
Generally, evidence of other crimes is not admissible and is excluded because the defendant should not be presumed guilty of the charged crime because he was accused of or found guilty of other offenses. State v. Kahey, 436 So.2d 475 (La.1983). However, under LSA-R.S. 15:447 and 15:448, evidence of other crimes is admissible if it is part of the res gestae. Res gestae is the spontaneous words or actions of the participants at the time of the occurrence of the crime. Whatever forms any part of the res gestae is admissible. In order to qualify as res gestae evidence, the evidence of other crimes must be so closely connected to the charged offense that the State cannot accurately present its case without reference to the other evidence. State v. Haarala, 398 So.2d 1093 (La.1981).
In the present case, the arrest for DWI and the inventory search of the defendant’s vehicle and subsequent pat down search of the defendant led to the discovery of the cocaine and the marijuana. It is clear that the other crimes evidence and the direct evidence of the charged offense form part of one continuous offense.
In State v. O’Neal, 501 So.2d 920 (La. App. 2 Cir.1987), writ den., 505 So.2d 1139 (La.1987), the appellate court held that the crimes of possession of marijuana and possession of phenmetrazine were concomitant offenses to the charged crime of possession of cocaine with the intent to distribute, and that physical and testimonial evidence pertaining thereto was admissible under the res gestae exception.
In the case at bar, the evidence of defendant’s arrest for DWI and possession of marijuana is so intertwined and connected with the direct evidence of the charged offense of possession of cocaine that proof of the charged offense could not be presented without this evidence. The other crimes evidence in this case is part of the res gestae and the trial judge committed no error in allowing it into evidence.
This assignment of error also lacks merit.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.