NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 KA 0487

STATE OF LOUISIANA

VERSUS

RONALD LANE SMITH

Judgment Rendered: **DEC 2 2 2022**

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Trial Court No. 2020-000334

Honorable Kathryn E. Jones, Judge Presiding

* * * * *

| | |
|---|---|
| Samuel C. D'Aquilla<br>District Attorney<br>Haley M. Green<br>Jessica B. Weimer<br>Assistant District Attorneys<br>Clinton, LA | Attorneys for Appellee,<br>State of Louisiana |
| | |
| Gwendolyn K. Brown<br>Baton Rouge, LA | Attorney for Defendant-Appellant,<br>Ronald Lane Smith |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Theriot, J dissents with reasons

**HESTER, J.**

The defendant, Ronald Lane Smith, was charged by amended bill of information with possession of a firearm while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). He initially pled not guilty. He moved to suppress the evidence to be used against him, alleging it was seized in violation of his federal constitutional rights. Following a hearing, the motion was denied. Thereafter, the defendant pled nolo contendere, reserving his right to seek review of the court's ruling on the motion to suppress. See **State v. Crosby**, 338 So.2d 584 (La. 1976). He was sentenced to eight years imprisonment at hard labor, all but five years suspended, and five years active supervised probation upon release. He now appeals, challenging the denial of the motion to suppress. For the following reasons, we affirm the conviction and sentence.

## FACTS

On May 5, 2020, shortly before midnight, East Feliciana Sheriff's Office Deputy Branden Causey conducted a traffic stop of a vehicle in which the defendant was a passenger. The vehicle was on a dead-end gravel road. Deputy Causey was aware that trailers had previously been stolen from new construction sites in the area. The stop was based on a nonfunctioning headlight on the vehicle. The defendant, who was the registered owner of the vehicle, stated he had not yet repaired the headlight after it had been damaged in a crash. According to the "state computer," used by dispatch, there was no insurance coverage on the vehicle. Deputy Causey indicated, due to the lack of insurance coverage, he would not have allowed the defendant to drive the vehicle away from the scene.

Deputy Causey asked the defendant if there were any weapons in the vehicle. The defendant replied stating that a revolver and a rifle were in the vehicle. The defendant also indicated where in the vehicle the weapons were located. Deputy Causey told the defendant that he was going to secure the weapons for safety purposes

2

and "clear [them] and ... hold [them]" until the traffic stop was completed. The defendant replied, "[t]hat's fine." Thereafter, Deputy Causey retrieved a rifle from a sealed case in the back of the vehicle and a revolver underneath the front passenger seat of the vehicle. The defendant indicated that both of the weapons belonged to him. Deputy Causey stated that he questioned pretty much everyone he stopped about the presence of weapons as "a safety factor." He further stated that the defendant was not in handcuffs or under arrest when he asked him about weapons.

Deputy Causey asked dispatch to perform a criminal history check on the defendant. Deputy Causey testified, "I found that [the defendant] did have felonies on his record. On his criminal history." Deputy Causey indicated the dispatcher read the defendant's criminal history from the National Criminal Information Center (NCIC) database. The following colloquy then occurred:

[State]: Okay. And, you said you've been an officer since 2016?

[Deputy]: Yes, Ma'am.

[State]: Okay. Do these always show – do they show convictions?

[Deputy]: Uh, I have seen 'em with – with dispositions to the charges before. Yes, Ma'am.

[State]: And, um, does dispatch tell you convictions only or do they mention arrests?

[Deputy]: Not all the time. They – they – no they won't always give a disposition with the charge.

[State]: And I'm sure you have, uh, extensive experience reading a criminal history?

3

[Deputy]:   Yes, Ma'am.

[State]:   And, um, do they always list a disposition after arrest?

[Deputy]:   Uh, not to my knowledge. No. Not all the time.

[State]:   Even when someone has, in fact, been convicted?

[Deputy]:   Yes, Ma'am.

[State]:   So you're told, basically, what they've been arrested for in the past and any convictions, if the conviction is listed?

[Deputy]:   Yes, Ma'am.

Deputy Causey stated he learned the defendant was a felon, but "[did not] get dispositions."

After learning of the defendant's criminal history, Deputy Causey advised the defendant of his **Miranda**[1] rights. Thereafter, Deputy Causey asked the defendant if he had any sort of illegal substances in the vehicle. The defendant replied there was a "pipe" on the passenger side. Deputy Causey understood the defendant to be referring to a "device used to smoke illegal narcotics." The defendant also disclosed he had methamphetamine in his pocket. Deputy Causey recovered suspected methamphetamine from the defendant's pocket and placed him under arrest. The defendant's vehicle was towed and stored following an inventory search.

## MOTION TO SUPPRESS

In his sole assignment of error, the defendant contends the trial court erred in denying the motion to suppress. He argues the State failed to establish the evidence was legally seized pursuant to a search incident to a lawful arrest.

The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. The standard is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer. Although they may serve, and may often appear intended to serve,

---

[1] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4

as the prelude to the investigation of much more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining the vehicle and its occupants. **State v. Waters**, 2000-0356 (La. 3/12/01), 780 So.2d 1053, 1056 (per curiam); **State v. Dupont**, 2014-0497 (La. App. 1st Cir. 11/7/14), 2014 WL 5801488, *3, writ denied, 2014-2595 (La. 9/18/15), 178 So.3d 145, cert. denied, 577 U.S. 1121, 136 S.Ct. 985, 194 L.Ed.2d 8 (2016); see **Whren v. United States**, 517 U.S. 806, 817-19, 116 S.Ct. 1769, 1776–77, 135 L.Ed.2d 89 (1996).

The Fourth Amendment to the United States Constitution and article I, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. La. Code Crim. P. art. 703(D). A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, i.e., unless such ruling is not supported by the evidence. However, a trial court's legal findings are subject to a de novo standard of review. **State v. Conklin**, 2018-0718 (La. App. 1st Cir. 2/28/19), 274 So.3d 675, 680, writ denied, 2019-00665 (La. 10/8/19), 280 So.3d 591.

A peace officer may lawfully arrest a person without a warrant when he has reasonable cause[2] to believe that the person to be arrested has committed an offense.

---

[2] The "reasonable cause" standard of La. Code Crim. P. art 213(A)(3) is equivalent to "probable cause" under the general federal constitutional standard. To read Article 213 as allowing an arrest

5

La. Code Crim. P. art. 213(A)(3). Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Although mere suspicion cannot justify an arrest, the officer does not need proof sufficient to convict. Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. **Conklin**, 274 So.3d at 680-81.

At the hearing on the motion to suppress, the court noted that the defendant informed Deputy Causey that he had two firearms in the vehicle, and Deputy Causey secured the weapons for officer safety. The court noted that thereafter, as a routine part of the traffic stop, Deputy Causey asked dispatch to "run the defendant's record" and was informed that there was no insurance on the vehicle, resulting in the towing of the vehicle. Additionally, the court noted that Deputy Causey was informed by dispatch that there were one or more felony arrests on the defendant's record. The court found the NCIC database is not completely up-to-date, and when a law enforcement officer is informed there are felonies within a reasonable period of time, they are justified in going forth on the presumption that the person is a convicted felon because they have no way, on the side of the road, of finding out whether or not a particular arrest has resulted in a conviction.

The court noted that Deputy Causey properly **Mirandized** the defendant. Thereafter, the defendant admitted he had a pipe for smoking drugs in the vehicle and methamphetamine in a container in his pocket. The court found that once Deputy

---

on less than probable cause would put the article afoul of the Fourth Amendment. **Conklin**, 274 So.3d at 680 n.4.

6

Causey was told about the drugs, he had probable cause to remove that particular container from the defendant's pocket. The court noted, thereafter, the defendant was arrested and his vehicle was towed and inventoried. The court found the firearms were "admitted to from the beginning," and in any event, would have ultimately been found under the inventory search. The court found the methamphetamine was also "admitted to and ... found and placed into evidence after it was admitted to."

There was no abuse of discretion in the denial of the motion to suppress evidence. The traffic stop of the vehicle was supported by probable cause to believe the driver had violated La. R.S. 32:53(A)(1) & 32:301(A)(1). See **Waters**, 780 So.2d at 1056; **Dupont**, 2014 WL 5801488 at *3. Thereafter, when Deputy Causey asked the defendant as a safety precaution if there were any weapons in the vehicle, the defendant voluntarily disclosed the presence of two firearms and consented to the removal of the firearms. After learning from dispatch that the defendant had felony arrests, but without information of the dispositions of the arrests, Deputy Causey advised the defendant of his **Miranda** rights. The defendant was not under arrest for any offense concerning his felony status at this point, so no confirmation of his conviction of a felony was required. Rather, Deputy Causey **Mirandized** the defendant because he was no longer free to leave. The obligation to provide **Miranda** warnings attaches only when a person is questioned by law enforcement after they have been taken "into custody or otherwise deprived of [their] freedom of action in any significant way." **Miranda**, 384 U.S. at 444, 86 S.Ct. at 1612; **State v. Gill**, 2009-2003 (La. App. 1st Cir. 3/26/10), 2010 WL 1170437, *2. After the defendant was **Mirandized**, Deputy Causey asked the defendant if he had any illegal substances, and the defendant disclosed that he had illegal narcotics in his pocket. As noted by the trial

7

court, Deputy Causey then had probable cause to arrest the defendant for the illegal narcotics and search him incident to that arrest.[3]

For the aforementioned reasons, we find that the trial court did not abuse its discretion in denying the defendant's motion to suppress. Accordingly, this assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[3] Moreover, because the vehicle had no insurance coverage and had to be inventoried before being towed, the guns and drug paraphernalia would have been inevitably discovered. Even unconstitutionally obtained evidence may be admitted at trial if it would inevitably have been seized by the police in a constitutional manner. **Nix v. Williams**, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984); **State v. Magee**, 2017-1217 (La. App. 1st Cir. 2/27/18), 243 So.3d 151, 160, writ denied, 2018-0509 (La. 2/11/19), 263 So.3d 434.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0487

STATE OF LOUISIANA

VERSUS

RONALD LANE SMITH

**THERIOT, J., dissenting and assigning reasons.**

I find Smith's statements, although given post-Miranda, were the product of his illegal detainment. I respectfully disagree with the majority in affirming the district court's ruling to deny the Motion to Suppress.

The trial court denied Smith's Motion to Suppress on the grounds that Deputy Causey acted in good faith when he relied on the NCIC report to detain Smith, since the database is not always completely up-to-date (i.e., not all convictions are put into the database). I disagree. In this case, the computer check did not reveal that Smith was a convicted felon. Deputy Causey assumed he was a convicted felon.

After conducting a traffic stop, if the officer develops reasonable suspicion of criminal activity, he may further detain the individual while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. In determining whether the officer has a reasonable suspicion of some separate illegal activity that justifies further detention, the totality of the circumstances must be taken into account. **See State v. Coleman**, 2019-1458, p. 5 (La. App. 1 Cir. 6/12/20); 305 So. 3d 878, 882, **writ denied**, 2020-00868 (La. 10/20/20); 303 So. 3d 294, and **cert. denied**, 209 L.Ed.2d 505; 141 S.Ct. 1739 (2021). Additionally, the

Louisiana Supreme Court has held that "once the computer check revealed that defendant was a convicted felon, the officers were justified in detaining him and the gun." **State v. Husband**, 437 So. 2d 269, 271 (La. 1983).

In **State v. Cobb**, 419 So. 2d 1237, 1243 (La. 1982), Cobb was pulled over for a routine traffic stop and was ordered to step out of the vehicle. When the officer asked Cobb for his driver's license, Cobb opened the console between the front two seats, at which time the officer noticed the handle of a gun. He then ordered Cobb to "freeze," and took possession of the gun. The officer then contacted his police station to check Cobb's criminal record, which revealed that Cobb was a convicted felon.

Cobb sought to have the evidence, particularly the gun, suppressed, which was denied by the district court. The Supreme Court of Louisiana reasoned: "Although the firearm was seized pursuant to a warrantless search, the search was legal under the guidelines set forth by the United States Supreme court in **Terry v. Ohio, supra**, and **State v. Reed, supra**. The officer, during a lawful investigatory stop took temporary custody of a weapon, for his own personal protection. He had reason to fear for his life, due to the defendant's action in moving his hand towards the weapon. This set of circumstances warranted the seizure of the gun. Once the computer check of the defendant disclosed the fact that he was a convicted felon, the officer was justified in retaining the item for evidentiary purposes." **Cobb**, 419 So. 2d at 1243.

The justification of the officers in COBB and HUSBAND hinged on the fact that the computer check disclosed the fact that the defendant was a convicted felon. In the case at bar, Deputy Causey detained Smith for felon in possession of a firearm without knowing whether Smith was, in fact, a convicted felon. Deputy Causey stated that he relied upon the information relayed by dispatch regarding Smith's prior felony offenses. However, he further testified that the records provided did not reflect whether Smith had been convicted, only that he had been arrested. When

2

asked why he arrested Smith for felon in possession of a firearm, Deputy Causey stated: "I'm not sure if he was a felon or not. They don't always show dispositions on criminal history." Deputy Causey admitted he "didn't get dispositions." I do not find Deputy Causey to be in good faith in reasoning that no disposition equaled a conviction. Any discrepancy in the NCIC database should hinder the State, not the citizens. Accordingly, the evidence obtained after Smith was given his Miranda warnings should be excluded.

I agree it is permissible for an officer to ask a person subsequent to a stop if there are any firearms in the vehicle for the purposes of officer safety. But if the background check is inconclusive and the officer is not sure if the individual is a convicted felon, then I suggest the officer follow what the officer did in **State v. White**, 2008-1002 (La. 1/21/09, 4-5); 1 So.3d 439. The proper procedure would be for the officer to detain the weapon for safety purposes and instruct the individual to retrieve the weapon the next business day from the police headquarters during normal working hours. See, **State v. White**, Id.

For the foregoing reasons, I respectfully dissent.